**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 25, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LLOYD LAND; EILEEN LAND,

      Plaintiffs-Appellants.

and

RIVERDALE PEAKS HOMEOWNERS
ASSOCIATION, a Colorado Nonprofit
Corporation,

      Plaintiff,

v.

AUTO-OWNERS INSURANCE
COMPANY, a Michigan Company,

      Defendant-Appellee.

No. 12-1186
(D.C. No. 1:11-CV-01920-WJM-MJW)
(D. Colo.)

---

**ORDER AND JUDGMENT***

---

Before **KELLY**, **McKAY**, and **O'BRIEN**, Circuit Judges.

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiffs Lloyd and Eileen Land appeal from the district court's grant of summary judgment to defendant Auto-Owners Insurance Company (AIC) on their claim that AIC, as a matter of law, had a duty under an insurance policy to defend them in a federal lawsuit filed against them. Applying Colorado law in this diversity case, we affirm the district court's decision as to Eileen Land, but we reverse it as to Lloyd Land.

## I. Background

### a. The Parties

Plaintiff Riverdale Peaks Homeowners Association (HOA) is a Colorado nonprofit corporation governed by the Colorado Common Interest Ownership Act (CCIOA), Colo. Rev. Stat. §§ 38-33.3-101 to -401. It is undisputed that at the times relevant to this suit, plaintiffs-appellants Lloyd and Eileen Land were members of the HOA; Lloyd Land was a director and/or officer of the HOA; and Eileen Land, as the declarant for Riverdale, had appointed Lloyd Land president of the HOA. Defendant-appellee AIC is a Michigan insurance company with a branch office in Colorado.

### b. The Insurance Policy

AIC issued a Commercial General Liability (CGL) insurance policy to the HOA as the named insured, effective March 20, 2008. *See* Aplt. App., Vol. 2, at 144-86. The HOA renewed the policy annually through March 20, 2011. The basic policy provided that AIC would pay for "those sums that the insured becomes

legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages." *Id.* at 241. "Bodily injury" and "property damage" were covered "only if . . . caused by an 'occurrence' that takes place" at Riverdale. *Id.* "Property damage" was defined in the policy to mean "[p]hysical injury to tangible property . . .," or "[l]oss of use of tangible property that is not physically injured," *id.* at 260. An "occurrence" was defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." *Id.* at 259.

Two endorsements to the CGL policy are relevant to this appeal. The Members Endorsement extended coverage under the CGL policy to members of the HOA as additional insureds, "but only with respect to their liability for [the HOA's] activities or activities they perform on [the HOA's] behalf." *Id.* at 147. The Members Endorsement did not otherwise change the insurance coverage.

The Habitational Association Directors and Officers Liability Endorsement (D&O Endorsement) added coverage for "those sums the insured becomes legally obligated to pay as 'damages' because of any negligent act, error, omission or breach of duty directly related to the management of the premises" and to "settle or defend, as we consider appropriate, any claim or 'suit' for damages covered by this policy. We will do this at our expense, using attorneys of our choice." *Id.* at 234. The D&O Endorsement extended this additional coverage only to the HOA's "directors and

- 3 -

officers, [and] only while acting within the scope of their duties." *Id.* at 235. The term "damages" was defined to mean "only actual compensatory damages for loss suffered but does not include fines, taxes, or any other cost or expense assessed against any insured." *Id.* at 236. Exclusions 2.a., e., and f. to the D&O Endorsement expressly excluded liability coverage for: "a. 'Bodily injury', 'property damage', 'personal injury' or 'advertising injury'. . . .[,] e. Any criminal act or malicious act. . . . [and] f. Liability based upon any intentionally dishonest or fraudulent act, or any judgment based upon any intentionally dishonest or fraudulent act." *Id.* at 234.

### c. The Underlying Federal Complaint

On March 22, 2011, a complaint naming the Lands as defendants was filed in the District of Colorado by Stephanie Diette, a Riverdale homeowner, and Western State Enterprises, Inc. (WSE), a company that built homes at Riverdale, and of which Ms. Diette was a principal. *See* Aplt. App., Vol. 2, at 274-81 (complaint, *Western States Enterprises, Inc., and Stephanie Diette v. Lloyd & Eileen Land*, No. 11-cv-00719-MSK-KML (D. Colo. Mar. 22, 2011)). The suit alleged that Eileen Land had appointed Lloyd Land president of the HOA, and that his actions on behalf of the HOA in seeking to collect payment of various assessments on four WSE-built properties at Riverdale had violated the federal Racketeering Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-68, and Colorado's analog to RICO, the Colorado Organized Crime and Control Act (COCCA), Colo. Rev. Stat. §§ 18-17-101 to -109. The plaintiffs alleged that due to Lloyd Land's illegal

debt-collection efforts, they had "suffered damage to property in excess of $250,000." Aplt. App., Vol. 2, at 279 ¶ 36, 280 ¶ 43. The Lands tendered the defense of the suit against them to AIC, which denied coverage and a defense.

On November 22, 2011, the district court to which the underlying suit was assigned dismissed the complaint for failure to state a claim under RICO or COCCA. *Id.*, Vol. 5, at 627-33.[1] That court decided that the complaint's allegations of fraud and conspiracy were conclusory or otherwise insufficient to establish the elements of a RICO/COCCA claim. *Id.* at 631-33. The court noted that the complaint "does not contend that there were no assessments, penalties, costs, or other amounts owed to the HOA, [but] only that there were discrepancies as to the amounts and interest rates claimed and that the property owners received insufficient notice" under the CCIOA. *Id.* at 629-30. The court concluded that the plaintiffs' allegations showed their "mere disagreement about the amount due." *Id.* at 632.

### d. This Suit

On July 22, 2011, the Lands and the HOA filed this suit against AIC, alleging claims for breach of contract, bad faith breach of insurance contract, and a statutory claim for unreasonable denial of benefits under Colo. Rev. Stat. § 10-3-1116. *See generally* Aplt. App., Vol. 1, at 7-15. They alleged that Lloyd Land "was a

---

[1] AIC argues that the analysis provided by the district court that dismissed the underlying federal complaint is extrinsic evidence upon which the Lands improperly rely. *See* Aplee. Br. at 9-11. We need not delve into that argument in this case. As our analysis will show, we have independently reviewed the underlying federal complaint.

director and/or officer of Riverdale" and was covered by the D&O Endorsement. *Id.* at 8 ¶¶ 9-10, 9 ¶ 11, 13 ¶ 42. They further alleged that "Eileen Land was joined as a nominal party to the Federal Lawsuit" because she had appointed her husband president of the HOA pursuant to her authority as the declarant for Riverdale. *Id.* at 10 ¶¶ 21-22.

AIC filed an answer and a counterclaim for a declaratory judgment seeking a determination of its rights and obligations under the HOA's policy and endorsements. AIC asserted several reasons for why no coverage existed for the Lands. First, AIC asserted that Eileen Land was not covered by the D&O Endorsement because she was not alleged to be an officer or director of Riverdale, and she was therefore not an insured as defined by that endorsement. *Id.* at 117 ¶ 13. Next, AIC asserted that the Lands were not covered under the policy because the federal suit filed against them "contains no averments of 'bodily injury' or 'property damage' caused by an 'occurrence' that occurred during the policy period, or alternatively, any coverage was clearly and unequivocally excluded by Exclusion 2.a." in the D&O Endorsement, which excluded coverage for claims of bodily injury or property damage arising from the negligence of directors and officers. *Id.* ¶ 14 (bold typeface omitted). AIC further asserted that Lloyd Land was not covered under the D&O Endorsement because the federal suit filed against him contained "no allegations of 'any negligent act, error, omission or breach of duty directly related to the management of [Riverdale],' which occurred during the policy period." *Id.* ¶ 15. Finally, AIC

asserted that Lloyd Land was not covered "even if there were any allegations in the Federal Lawsuit that fell within the Insuring Agreement," because "any coverage under the D & O Endorsement was clearly and unequivocally excluded pursuant to Exclusion 2.e. and 2.f.," which excluded coverage for criminal and intentionally dishonest acts. *Id.* ¶ 16 (bold typeface omitted).

e. Summary Judgment Proceedings

The Lands and the HOA filed a motion for partial summary judgment regarding AIC's duty to defend the Lands against the underlying federal suit. *Id.*, Vol. 2, at 124. They asserted that Lloyd Land was covered by the D&O Endorsement because the underlying complaint alleged negligence and the policy exclusions did not apply, *id.* at 134-39, and that Eileen Land was covered by the Members Endorsement because the underlying complaint alleged damages covered by the policy, *id.* at 139-40. AIC filed a response in opposition to the motion, as well as its own motion for summary judgment denying any liability to the Lands under the insurance policy. *See generally id.*, Vol. 3, at 287-305, Vol. 4, at 451-68.

The district court granted AIC's motion for summary judgment and denied as moot the motion for partial summary judgment filed by the HOA and the Lands regarding AIC's duty to defend. *Id.*, Vol. 5, at 691-701. The court held that the underlying federal complaint brought claims against the Lands under RICO and the COCCA, *id.* at 694, and "does not contain claims or allegations relating to Plaintiffs' failure to exercise due care, errors, omissions, breach of duty or negligent acts," *id.*

- 7 -

at 698.  The court held, rather, that the federal complaint alleged the Lands'

"deceptive or criminal intent."  *Id.*  The court concluded as a result that the

allegations were "plainly within the Policy's D&O Endorsement exclusions, and

[AIC] has no legal duty to defend [the Lands] in the Underlying Action."  *Id.*  The

court added that AIC had no duty to defend Eileen Land "because the allegations [of]

the Underlying Action Complaint do not fall within the scope of the CGL Coverage

form" because the federal complaint did not allege "'bodily injury' or 'property

damage' caused by an 'occurrence,' . . . as defined in the CGL Coverage Form."  *Id.*

at 699.  Having concluded that AIC had no duty to defend the Lands, the court also

concluded that AIC had no duty to indemnify them, *id.*, and that AIC had not

breached the common law duty of good faith and fair dealing or state statutory law

when it denied coverage, *id.* at 700.  The Lands appeal.

## II.  Standards of Review

We review a grant of summary judgment de novo, applying the same legal

standard as the district court.  *Apartment Inv. & Mgmt. Co. (AIMCO) v. Nutmeg Ins.

Co.*, 593 F.3d 1188, 1192 (10th Cir. 2010).  Summary judgment is appropriate when

"there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "Colorado law governs this

action, and we review de novo the district court's interpretation of Colorado law."

*AIMCO*, 593 F.3d at 1192.  "The existence of a duty to defend against a particular

claim is a question of law."  *Id.* at 1193.

### III.  Issues on Appeal and Discussion

#### a.  Issues on Appeal

The Lands argue that:  (1) Lloyd Land was covered by the D&O Endorsement because the underlying federal complaint alleged that he committed negligent acts, errors, omissions, or breach of duty directly related to the management of Riverdale, and the factual allegations did not solely and entirely fall within the policy's exclusions for intentionally fraudulent or criminal acts; and (2) Eileen Land was covered by both the Members Endorsement and the D&O Endorsement because the underlying complaint alleged that she appointed Lloyd Land president of the HOA, resulting in unspecified property damage arising from his negligent acts, errors, omissions, or breach of duty directly related to the management of Riverdale.  The Lands acknowledge that "[t]here is no question that the Complaint in the Underlying Lawsuit does not contain claims for relief labeled as negligence, breach of fiduciary duty, or breach of duties owed under CCIOA," Aplt. Opening Br. at 23, but they assert that the district court improperly focused on the labels placed on the legal claims for relief, instead of examining the complaint for factual allegations that could lead to the imposition of liability for negligence, errors, omissions, or breach of duty covered by the AIC policy, *id.* at 2, 21-25.

#### b.  The Duty to Defend

"Under Colorado law, 'when an insurer refuses to defend and the insured brings an action for defense costs,' the duty to defend is determined by application of

the complaint rule." *AIMCO*, 593 F.3d at 1192 (quoting *Cotter Corp. v. Am. Empire Surplus Lines Ins. Co.*, 90 P.3d 814, 828 (Colo. 2004)). That is, "[a]s a general rule under Colorado law, an insurer's duty to defend an insured is triggered solely on the basis of the allegations made within the four corners of the complaint, read against the insurance policy." *United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 960 (10th Cir. 2011).

"Under Colorado law, '[a]n insurer seeking to avoid its duty to defend an insured bears a heavy burden.'" *Greystone Constr., Inc. v. Nat'l Fire & Marine Ins. Co.*, 661 F.3d 1272, 1284 (10th Cir. 2011) (quoting *Compass Ins. Co. v. City of Littleton*, 984 P.2d 606, 613–14 (Colo. 1999)). "An insurer's duty to defend arises when the underlying complaint against the insurer alleges any *facts* that might fall within the coverage of the policy. . . ." *Id.* (emphasis added). "Where the insurer's duty to defend is not apparent from the pleadings in the case against the insured, but the allegations do state a claim which is *potentially or arguably* within the policy coverage, or there is some doubt as to whether a theory of recovery within the policy coverage has been pleaded, the insurer must accept the defense of the claim." *Id.* (emphasis added). "The insurer has a duty to defend unless the insurer can establish that the allegations in the complaint are *solely and entirely* within the exclusions in the insurance policy." *United Fire & Cas. Co.*, 633 F.3d at 957 (quoting *Hecla Mining Co. v. N.H. Ins. Co.*, 811 P.2d 1083, 1090 (Colo.1991) (emphasis added).

- 10 -

### c. Eileen Land

First, we consider the Lands' arguments that the policy provided coverage for Eileen Land. On appeal, the Lands argue that Eileen Land was covered by both the Members Endorsement and the D&O Endorsement. However, their argument that she was covered by the D&O Endorsement is deemed waived. They did not allege in their complaint that Eileen Land was a director or officer of the HOA, and they did not argue in their motion for partial summary judgment that she was covered by the D&O Endorsement, so the district court did not address such an argument. "It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below." *Singleton v. Wulff*, 428 U.S. 106, 120 (1976). The argument is without merit in any event. The underlying complaint alleged that Eileen Land appointed her husband president of the HOA in her role as the declarant for Riverdale, not as an officer or director of the HOA. *See* Aplt. App., Vol. 1, at 10 ¶¶ 21-22. Even on appeal, the Lands have not shown that the declarant is an officer or director of the HOA.

The Lands' argument that Eileen Land was covered by the Members Endorsement also has a fatal flaw—they did not challenge the district court's holding that there was no "occurrence" at Riverdale, as required by the CGL policy to which the Members Endorsement was explicitly tied. Aplt. App., Vol. 2, at 241. In the absence of any argument challenging a necessary and sufficient ground of the district court's holding, we affirm the grant of summary judgment to AIC with respect to

Eileen Land. Moreover, the district court also held that the Lands failed to show that the underlying suit alleged property damage, as defined in the CGL policy. The suit against the Lands challenged Lloyd Land's assessment of, and attempts to collect, homeowners fees. The Lands have failed to show that the conclusory allegations of property damage in the underlying complaint alleged a "[p]hysical injury to . . . or . . . [l]oss of use of tangible property," as required to support coverage for Eileen Land under the Members Endorsement to the CGL policy. *Id.* at 260.

### d. Lloyd Land

Under Colorado law, "a claimant alleging negligence of another party must establish the existence of a duty, a breach of that duty, causation, and damages." *Redden v. SCI Colo. Funeral Servs., Inc.*, 38 P.3d 75, 80 (Colo. 2001) (en banc). The federal complaint filed against the Lands alleged that:

- Lloyd Land was the president of the HOA and, in that role, he filed assessment liens against certain Riverdale properties and instructed HOA lawyers to send demand letters regarding the assessments to the homeowners. Aplt. App., Vol. 2, at 275 ¶ 8, 276-77 ¶¶ 13-16.

- Some of the amounts were lawful under the CCIOA, but the amounts declared to be past due increased with each successive lien or notice, *id.* at 277-78 ¶¶ 17-29, and interest on the outstanding amounts "was calculated differently for each notice or letter," *id.* at 277 ¶ 17.

- Lloyd Land failed to follow the notice and hearing requirements of the CCIOA and the HOA documents, *id.* at 276 ¶¶ 13-14, 277 ¶ 18, 278 ¶¶ 22, 26, and "lev[ied] these charges and liens against these landowners in violation of the Colorado Common Interest Ownership Act," *id.* at 279 ¶ 30.

- 12 -

- Lloyd Land "attempted to collect debts . . . that were not lawfully due under Colorado law." *Id.* at 279 ¶ 34, 280 ¶ 41. He "used his position as President . . . to conduct the unlawful acts mentioned above." *Id.* at 279 ¶ 33, 280 ¶ 40.

- "As a direct and proximate result of these violations, the Plaintiff has suffered damage to property in excess of $250,000." *Id.* at 279 ¶ 36, 280 ¶ 43.

Looking beyond the RICO/COCCA labels the plaintiffs in the underlying suit attached to the claims in their complaint, the underlying complaint clearly alleged that Lloyd Land committed "negligent act[s], error[s], omission[s] or breach[es] of duty directly related to the management of the premises" within the meaning of the D&O Endorsement, *see* Aplt. App., Vol. 2, at 234, and the complaint sought damages within the meaning of the policy, *see id.* at 236. Looking beyond the conclusory allegations of fraud and conspiracy, the factual allegations of the underlying complaint did not fall "'solely and entirely within the exclusions in the insurance policy'" that excluded coverage for intentionally fraudulent, or criminal acts. *United Fire & Cas. Co.*, 633 F.3d at 957 (quoting *Hecla*, 811 P.2d at 1090). Accordingly, we reverse the grant of summary judgment in favor of AIC with respect to Lloyd Land.

The judgment of the district court is affirmed in part and reversed in part, and the case is remanded for further proceedings.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge